and the notice to drawers of such refusal to pay and protest was legal and sufficient. [Clifton v. U. S.] 4 How. [45 U. S.] 245, and authorities cited.

IV. The plaintiff is entitled to judgment for the amount of the principal of the bill of exchange, in dollars—$4,469.35—and interest thereon from April 12, at the rate of 7 per cent. per annum, to-wit: $616.14; in all, principal and interest, $5,085.49, with costs.

## Case No. 7,027.

### The INDUS.

## Case No. 7,028.

### The INDUSTRY.

[1 Gall. 114.] [1]

Circuit Court, D. Massachusetts. May Term, 1812.

G. Blake, for the United States.
S. Dexter, for claimant.

STORY, Circuit Justice. An information has been filed against the schooner Industry, upon a seizure on account of certain foreign goods, exceeding $400 in value, having been unladen from said vessel, at the port of Edgartown, in the night time, without a permit, &c. contrary to the statute in such case provided. The facts are admitted to be as stated in the decree of the district court; and by that decree it appears, that the schooner Industry is a foreign vessel, and being bound on a voyage from the Havana to New York, put into Edgartown, in Martha's Vineyard. While lying there, in February, 1809, 400 boxes of cigars and several boxes of sugar, parcel of her cargo, were unladen, in the night time, without a permit, and put on board the brig Hannah, then lying at the same port, and bound for Boston, without the duties thereon having been paid or secured. The value of these goods exceeded $400. The schooner was not permitted to proceed to New York, the collector of the port considering, that foreign ships, under the 9th section of the embargo act of April 25, 1808, c. 66 [2 Stat. 501], were prohibited from going from one port to another of the United States. The residue of the cargo was therefore entered and bonded at the custom house at Edgartown, and shipped coastwise to New York. The forfeiture is claimed under the 50th section of the collection act of March 2, 1799, c. 128 [1 Stat. 665, c. 22], which provides, that "no goods, wares, or merchandize, brought in any ship or vessel from any foreign port or place, shall be unladen or delivered from such ship or vessel within the United States, but in open day," except by special license, nor at any time without a permit from the collector, &c. on pain of forfeiture of the goods, &c. and also of the vessel, if the value of the goods, &c. exceed $400. [3]

The facts of this case bring it completely within the terms of the 50th section. But it is contended on behalf of the claimant, that though within the terms, the case is not within the purview, of that section. That it is designed to apply solely to vessels which had arrived at their ports of destination and discharge, and not to arrivals at any intermediate ports, as was the case of the Industry. And the 27th section of the act has been cited in support of the argument. That section (the 27th section) clearly applies to vessels, which have not reached their port of destination and discharge. It provides, that if after the arrival of any ship or vessel la-

[3] See The Harmony [Case No. 6,081].